**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: TEREX CORP. ERISA LITIGATION | MASTER FILE NO. 3:10-cv-00006-RNC |
| | Class Action |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

This Action involves claims for alleged violations of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the

Terex Corporation and Affiliates' 401(k) Retirement Savings Plan (the "Plan").

The terms of the Settlement are set out in the Stipulation of Settlement fully executed as

of July 23, 2015 (the "Stipulation") (Docket No. 89-1), executed by counsel on behalf of

Plaintiffs and Defendants.[1]

Pursuant to Plaintiffs' Motion for Preliminary Approval, the Court preliminarily

considered the Settlement to determine, among other things, whether the Settlement is sufficient

to warrant the issuance of notice to members of the proposed Settlement Class.  Upon reviewing

the Stipulation, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed
to them in the Stipulation.

1.      **Class Findings** – Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the "Settlement Class" defined below, in that:

(a)      The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b)      The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

(c)      The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class.

(d)      The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(4), Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among Plaintiffs and the Settlement Class, and (iii) Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e)      The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members

of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action, or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action, (ii) are experienced in handling class actions, and (iii) have committed the necessary resources to represent the Settlement Class.

2.     **Class Certification** – The Court, in conducting the settlement approval process required by FED. R. CIV. P. 23 certifies, solely for purposes of settlement, the following class under FED. R. CIV. P. 23(b)(1) (the "Settlement Class"):

> All current and former Participants in the Plan for whose individual accounts the Plan held shares of Terex stock or units of the Company Stock Fund at any time from December 31, 2007 to February 27, 2009.

The Court appoints Plaintiffs as representatives for the Settlement Class and Class Counsel as counsel for the Settlement Class. Any certification of a preliminary Settlement Class pursuant to the terms of the Stipulation shall not constitute and does not constitute, and shall not be construed or used as, an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for

litigation class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule.

3.     **Preliminary Findings Regarding Proposed Settlement** – The Court preliminarily finds that:  (i) the proposed Settlement resulted from extensive arm's-length negotiations, (ii) the Stipulation was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.  Having considered the essential terms of the Stipulation under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4.     **Settlement Fairness Hearing** – A hearing is scheduled for November 4, 2015 at 2:00 p.m. (the "Settlement Fairness Hearing"), a date that is at least 90 days after the date the CAFA Notice was served, to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the Notice Plan proposed by the Parties:  (i) constitutes the best practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the

litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to Plaintiffs is fair and reasonable and should be approved.

5. **Class Notice** – Plaintiffs have presented to the Court a proposed form of Notice, appended hereto as Exhibit 1, and Summary Notice appended hereto as Exhibit 2. The Court finds that such forms fairly and adequately: (a) describe the terms and effect of the Stipulation, the Settlement and the Plan of Allocation, (b) notify the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards of up to $7,500 for each of the five Plaintiffs for their service in such capacity, (c) give notice to the Settlement Class of the time and place of the Settlement Fairness Hearing, and (d) describe how the recipients of the Notice and Summary Notice may object to any of the relief requested. Plaintiffs have proposed the following manner of communicating the Notice and Summary Notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Class Counsel shall:

- Within twenty (20) business days after entry of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by internet notice and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified with reasonable effort.  Within five (5) business days of the signing of this Order, Terex shall provide Class Counsel and/or the Notice Administrator, in electronic format, the names and last known addresses of the Settlement Class members.  Terex shall also timely respond to any reasonable written requests for accessible data in the custody or control of Terex or the Plan record keeper (past or present) necessary to effectuate the Notice Plan and Plan of Allocation.  The names and addresses Class Counsel or the Notice Administrator obtains pursuant to this Order shall be used solely for the purpose of this Settlement and for no other purpose.

- Within twenty (20) business days after entry of this Order, cause the Summary Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be published on a national business wire service.

6.       **Fee and Expense Motion, Motion for Case Contribution Awards, and Motion for Entry of an Order and Final Judgment** – Any motions to be heard at the Settlement Fairness Hearing shall be filed not less than two weeks before the deadline for objections to Settlement, or by no later than September 25, 2015.

7.       **Objections to Settlement** – Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Stipulation, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or

6

to the request for Case Contribution Awards for Plaintiffs may file an objection.  An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also serve copies of the objection and all supporting law and/or evidence on Class Counsel and counsel for Defendants, but service upon Class Counsel and counsel for Defendants may be effectuated by electronic mail.  The addresses for filing objections with the Court and service on counsel are as follows:

**For Filing:**

Clerk of the Court
United States District Court
    for the District of Connecticut
ABRAHAM RIBICOFF FEDERAL BUILDING
450 Main Street
Hartford, Connecticut 06103
Re:  Case No. 3:10-cv-00006-RNC

| **To Class Counsel:** | **To Counsel for Defendants:** |
|---|---|
| **STULL, STULL & BRODY** | **ARENT FOX LLP** |
| Attn: Michael Klein, Esq. | Attn: Caroline Turner English, Esq. |
| 6 East 45th Street | 1717 K Street, NW |
| New York, NY 10017 | Washington, DC  20006 |
| mklein@ssbny.com | caroline.english@arentfox.com |

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than October 9, 2015.  If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than October 9, 2015.  An objection will be deemed filed with the Court when received, or when postmarked if sent by the United States Postal Service. Any member of the Settlement Class who does not timely file and serve a written

objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order of the Court for good cause shown.

The Parties may file a response to any objection by no later than October 23, 2015. Responses should be simultaneously served on all Parties to the Action and on the objector or his, her, or its counsel.

8.    **Appearance at Settlement Fairness Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 7 above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Settlement Fairness Hearing must serve a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than October 9, 2015.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Fairness Hearing, except by Order of the Court for good cause shown.

9.    **Notice Expenses** – The expenses of printing and mailing and publishing all notices required by paragraph 5 shall be paid from the Settlement Fund as described in the Stipulation.

10.    **Service of Papers** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

11.     **Termination of Settlement** – If the Settlement is terminated in accordance with the terms of the Stipulation, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties engaged in mediation before the Mediator.

12.     **Use of Order** – This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, and Defendants specifically deny any such fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable.  This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Stipulation is terminated. Moreover, the Stipulation and any proceedings taken pursuant to the Stipulation are for settlement purposes only.  Neither the fact of, nor any provision contained in the Stipulation or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

13.     **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly

administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

14.     **Continuance of Hearing** – The Court reserves the right to continue the Settlement Fairness Hearing without further written notice.

SO ORDERED this _____ day of August, 2015.


_____
HON. ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

**Exhibit A.1**
(Class Notice)

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: TEREX CORP. ERISA LITIGATION<br><br>_____<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MASTER FILE NO. 3:10-cv-00006-RNC<br><br>Class Action |

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING

YOUR LEGAL RIGHTS MIGHT BE AFFECTED IF YOU ARE A MEMBER OF THE FOLLOWING CLASS:

> **All current and former participants in the Terex Corporation and Affiliates' 401(k) Retirement Savings Plan (the "Plan") for whose individual accounts the Plan held shares of Terex stock or units of the Company Stock Fund at any time from December 31, 2007 to February 27, 2009 (the "Settlement Class Period").**

### PLEASE READ THIS NOTICE CAREFULLY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION FROM A LAWYER.
### YOU HAVE NOT BEEN SUED.

United States District Court Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Settlement will provide for payments to the Plan and for allocation of those payments to the accounts of members of the Settlement Class who had portions of their Plan accounts invested in Terex Corporation ("Terex") common stock during a certain period. The Settlement is summarized below.

The Court has scheduled a hearing to consider Plaintiffs' Motion for Final Approval of the Settlement and Class Counsel's Motions for Attorneys' Fees and Expenses and for Case Contribution Awards to the Plaintiffs. That hearing before United States District Judge Robert N. Chatigny has been scheduled for November 4, 2015 at 2:00 p.m., in the Courtroom of Judge Robert N. Chatigny, United States District Court for the District of Connecticut, 450 Main Street, Hartford, CT 06103.

Any objections to the Settlement or the Motions for Attorneys' Fees and Expenses and for Case Contribution Awards to the Plaintiffs must be served in writing on Class Counsel identified on Page 7 of this Notice, and on Defendants' attorneys, who are also identified on Page 7 of this Notice. The procedure for objecting is described below.

This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Stipulation of Settlement ("Stipulation"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Stipulation. The Stipulation, and additional information with respect to this Action and the Settlement, is available at an Internet site dedicated to the Settlement, www.[dedicated settlement website].com (the "Settlement Website").

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU NEED NOT DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT BY FOLLOWING THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT | |
|---|---|
| **YOU ARE NOT REQUIRED TO DO ANYTHING.** | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to do anything to receive a payment (if you are entitled to a payment under the final plan of allocation). The portion, if any, of the Settlement Fund to be allocated to your Plan account will be calculated as part of the implementation of the Settlement. |
| **NO ACTION IS NECESSARY TO RECEIVE A PAYMENT.** | If you currently have an open Plan account and are a member of the Settlement Class, any share of the Settlement Fund to which you are entitled will be deposited into your Plan account. If you no longer have an open Plan account but are a member of the Settlement Class, any share of the Net Settlement Fund to which you are entitled will be deposited in a Plan account that will be established for you, if necessary, and you will be notified of the creation of such account. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY OCTOBER 9, 2015.** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel identified on Page 7 of this Notice about why you object to the Settlement. |
| **YOU MAY ATTEND THE FAIRNESS HEARING TO BE HELD ON NOVEMBER 4, 2015.** | If you submit a written objection to the Settlement to the Court and counsel before the Court-approved deadline, you may (but do not have to) attend the Settlement Fairness Hearing about the Settlement and present your objections to the Court. You may attend the Settlement Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Settlement Fairness Hearing if you file a written objection in advance of the Settlement Fairness Hearing and file a Notice of Intention to Appear. |

- These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

Further information regarding this litigation and this Notice may be obtained by contacting Class Counsel:

**STULL, STULL & BRODY**
Attn: Michael J. Klein, Esq.
6 East 45th Street
New York, NY 10017

Class Counsel has established a toll-free phone number to receive your comments and questions: 800-XXX-XXXX. You may also send an email to terex@ssbny.com.

| WHAT THIS NOTICE CONTAINS |
|---|

SUMMARY OF SETTLEMENT ..................................................................................................3
BASIC INFORMATION .........................................................................................................3
   1.   Why Did I Get This Notice Package? .........................................................................3
   2.   What Is The Action About? ..........................................................................................4
   3.   Why Is This Case A Class Action? ..............................................................................5
   4.   Why Is There A Settlement? .........................................................................................5
   5.   How Do I Know Whether I Am Part Of The Settlement? ...........................................5
THE SETTLEMENT BENEFITS – WHAT YOU GET .........................................................5
   6.   What Does The Settlement Provide? ............................................................................5
   7.   How Much Will My Payment Be? ...............................................................................5
   8.   How Can I Get A Payment? .........................................................................................6
   9.   When Would I Get My Payment? .................................................................................6
  10.   Must I Participate In The Settlement? ..........................................................................6
THE LAWYERS REPRESENTING YOU .............................................................................7
  11.   Do I Have A Lawyer In The Case? ..............................................................................7
  12.   How Will The Lawyers Be Paid? .................................................................................7
  13.   How Do I Tell The Court If I Do Not Like The Settlement Or The Motions For Attorneys' Fees And Expenses And Plaintiffs' Case Contribution Awards? ..................................................................7
THE FAIRNESS HEARING .................................................................................................7
  14.   When And Where Will The Court Decide Whether To Approve The Settlement? ......7
  15.   Do I Have To Come To The Hearing? .........................................................................7
  16.   May I Speak At The Hearing? ......................................................................................8
IF YOU DO NOTHING ........................................................................................................8
  17.   What Happens If I Do Nothing At All? ........................................................................8
GETTING MORE INFORMATION .....................................................................................8
  18.   Are There More Details About The Settlement? ..........................................................8

QUESTIONS? CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 2 of 8

## SUMMARY OF SETTLEMENT

This litigation (the "Action") is a consolidated class action in which Plaintiffs allege that the Defendants breached fiduciary duties under ERISA owed to the participants in and beneficiaries of the Plan arising from the Plan's investments in the Company Stock Fund, consisting primarily of Terex common stock, during the Settlement Class Period. Copies of the Complaint and other documents filed in the Action are available at www.[dedicated settlement website].com or from Class Counsel.

A Settlement Fund consisting of Two Million, Five Hundred Thousand Dollars ($2,500,000) in cash is being established in the Action. The net amount in the Settlement Fund, including accrued interest, after payment of any taxes, expenses, approved attorneys' fees and costs and Case Contribution Awards to the Plaintiffs, will be paid to the Plan and be allocated to Settlement Class members according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Plaintiffs face an uncertain outcome if this Action is to continue. Defendants strongly dispute the claims asserted in the Action. If Plaintiffs' case proceeded to trial, the Plaintiffs could face judgment or verdict greater or less than $2.5 million, or no recovery at all. Plaintiffs will describe potential outcomes in greater detail, including scenarios under which a recovery in excess of $2.5 million might have been obtained, in their motion papers for settlement approval, which motion papers will be posted to the Settlement Website at least two weeks before the deadline for objecting, or by no later than September 25, 2015.

The Plaintiffs and the Defendants disagree on liability, and dispute the amount that would be recoverable even if the Plaintiffs were to prevail at trial. The Defendants have denied and continue to deny all claims and contentions by the Plaintiffs. The Defendants deny that they are liable to the Settlement Class, and that the Settlement Class or the Plan has suffered any losses or damages for which the Defendants could be held legally responsible. Nevertheless, the Defendants have considered the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the Action be fully and finally settled on the terms and conditions set forth in the Stipulation.

## STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT IN THE ACTION

Class Counsel will file a motion with the Court for an order awarding attorneys' fees not in excess of thirty three percent (33%) of the amount recovered in the Settlement, plus reimbursement of expenses. Any amount awarded will be paid from the proceeds of the Settlement Fund. Defendants take no position on this motion and have no responsibility for payment of such fees and expenses. Any motion for attorneys' fees will be posted to the Settlement Website at least two weeks before the deadline for objecting, or by no later than September 25, 2015.

## WHAT WILL THE PLAINTIFFS GET?

The five Plaintiffs will share in the allocation of the Net Settlement Fund paid to the Plan on the same basis as all other members of the Settlement Class. In addition, the Plaintiffs will ask the Court to award up to $7,500 to each of them in recognition of their representation of the Settlement Class. Any such award will be paid solely from the proceeds of the Settlement Fund. Information about any such award sought will be included within any motion for Case Contribution Awards posted to the Settlement Website at least two weeks before the deadline for objecting, or by no later than September 25, 2015.

## BASIC INFORMATION

| 1. | WHY DID I GET THIS NOTICE PACKAGE? |
|---|---|

You or someone in your family may have been a participant in or beneficiary of the Plan during **the period from December 31, 2007 until February 27, 2009** (the "Settlement Class Period").

The Court directed that this Notice be sent to you because, if you fall within that group, you have a right to know about the Settlement and the options available to you regarding the Settlement, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among Settlement Class members according to a Plan of Allocation that will be approved by the Court. This Notice describes the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Connecticut. The persons who sued are called "Plaintiffs," and the people they sued are called "Defendants." The Plaintiffs are Kenneth M. Lipman, Eddie Webb, Binyam Ghebreghiorgis, Scott Hollander and Mark Caswell. The Defendants are Terex Corporation, the Administrative Committee of the Terex Corporation and Affiliates' 401(k) Retirement Savings Plan, Phillip C. Widman, Charles Snavely, Kevin A. Barr, Eric I. Cohen, Tricia E. Pole, Robert K. Brown, Terex's Board of Directors, Ronald DeFeo, G. Chris Andersen, Paula Cholmondeley, Donald DeFosset, William H. Fike, Thomas J. Hansen, Donald P. Jacobs, David A. Sachs, Oren G. Shaffer, David C. Wang, and Helge H. Wehmeier. The Action is known as *In re Terex Corp. ERISA Litigation*, No. 3:10-cv-00006-RNC.

QUESTIONS? CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 3 of 8

## 2.    WHAT IS THE ACTION ABOUT?

### THE CLAIMS IN THE ACTION

Plaintiffs' Complaint was filed on behalf of the Plan to recover losses to the Plan allegedly caused by alleged breaches of fiduciary duty under ERISA.  Plaintiffs allege that Defendants violated ERISA by, among other things, permitting the Plan to purchase and hold shares of Terex common stock during the Settlement Class Period when they knew or should have known it was imprudent to do so. Participants in the Plan were able to allocate their account balances among various investment funds, including a fund primarily invested in Terex common stock (the "Company Stock Fund").  Many Plan participants chose to have contributions to the Plan invested in the Company Stock Fund.  In addition, Terex made matching contributions, which were invested in the Company Stock Fund and credited to Plan participants' accounts.

The Action alleges that, under ERISA, the Defendants owed fiduciary duties of loyalty, care and prudence to the Plan, and that they violated those duties in connection with the Plan's investments in Terex common stock.  Specifically, Plaintiffs allege that (1) Terex stock was an imprudent investment during the relevant period because, allegedly (a) the Defendants knew or should have known Terex's stock was imprudent because of improper accounting, inflated carrying values of assets on financial statements, significant undisclosed operating problems, including diminished demand for products, order cancellations, and delays in acceptances of deliveries, which artificially inflated Terex's stock price and (b) Terex's stock was unduly risky for retirement savings; (2) the Defendants allowed the Plan to maintain and augment its investment in Terex stock, despite their actual or constructive knowledge of Terex's alleged problems, as described above; (3) the Defendants disseminated inaccurate and misleading material information to Plan participants regarding investment of Plan assets in Terex stock and, additionally, withheld material information vital to making any such Plan investment decision; (4) the Defendants, because of their positions as corporate insiders with a stake in the Company (monetary through Terex equity ownership and personal through their positions at the Company) had an interest in withholding information concerning Terex's alleged business and operational problems; (5) certain defendants failed adequately to monitor and inform other defendants; and (6) Terex made insufficient contributions to the Plan because it made matching contributions in artificially inflated Terex stock.

### THE DEFENSES IN THE ACTION

The Defendants deny that they have engaged in any wrongdoing whatsoever, have breached fiduciary duties, or have any liability to the Plan or its participants or beneficiaries.  If the Action were to continue, the Defendants would raise numerous defenses to liability, including:

- Defendants were not each fiduciaries of the Plan, or, to the extent any Defendant was a fiduciary, his/her/its fiduciary duties did not extend to the matters at issue in the Action;

- Plaintiffs' allegations, including those alleging improper accounting, inflated carrying values of assets, undisclosed operating problems, false or misleading information, and undisclosed information, are all false;

- Terex common stock was a prudent investment for the Plan and its participants;

- Defendants fully and prudently discharged any and all fiduciary duties under ERISA; and

- Losses suffered by the Company Stock Fund during the Settlement Class Period were a result of market conditions and in no way caused by any actions or omissions of the Defendants.

### THE ACTION HAS BEEN VIGOROUSLY LITIGATED

Class Counsel has extensively investigated the allegations in the Action.  Class Counsel has obtained and reviewed thousands of pages of documents, including Plan governing documents and materials, Securities and Exchange Commission ("SEC") filings, press releases, public statements, news articles and other publications, and other documents regarding the matters that the Plaintiffs allege made investment in the Terex stock an imprudent Plan investment.

This Action was litigated by the Plaintiffs and Class Counsel for over five years before a final agreement on settlement terms was reached.  Plaintiff Lipman filed his complaint against Defendants on January 5, 2010.  Plaintiffs Webb and Ghebreghiorgis filed Case No. 3:10-cv-00169 on February 3, 2010, Plaintiff Hollander filed Case No. 3:10-cv-00195 on February 8, 2010, and Plaintiff Caswell filed Case No. 3:10-cv-00274 on February 23, 2010.  On August 20, 2010, Plaintiffs' complaints were consolidated and the Court appointed Class Counsel as listed above at page 2 as Lead Counsel.

On August 7, 2014, Plaintiffs filed a consolidated complaint (the "Complaint") which superseded their previous complaints.  On September 29, 2014, Defendants moved to dismiss Plaintiffs' Complaint, which Plaintiffs opposed.  The Court has not ruled upon Defendants' motion, which motion could result in the termination of this litigation.

### SETTLEMENT DISCUSSIONS

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel, which was mediated by an experienced and well respected mediator.  Throughout the negotiations, Class Counsel and Defendants'

QUESTIONS?  CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 4 of 8

counsel were advised by individuals with expertise of the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

| 3. | WHY IS THIS CASE A CLASS ACTION? |
|---|---|

In a class action, one or more plaintiffs, called "class representatives" or "plaintiffs," sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "class" and are referred to individually as "class members." One case resolves the issues for all class members together. Because the wrongful conduct alleged in this Action allegedly affected a large group of people – participants of the 401(k) plan during the relevant time period – in a similar way, the Plaintiffs filed this case as a class action.

| 4. | WHY IS THERE A SETTLEMENT? |
|---|---|

The Parties have agreed to settle this case following significant litigation.  While Plaintiffs and Class Counsel believe the Action has merit, they recognize that the outcome would be uncertain.  Plaintiffs faced lengthy litigation on the merits of their claims, including discovery, class certification proceedings, trial and likely appeals.

As in any litigation, the Plaintiffs would face an uncertain outcome.  On the one hand, continuation of the case against the Defendants could result in a judgment greater than this Settlement.  On the other hand, continuing the case could result in no recovery at all, or a recovery that is less than the amount of the Settlement.  Based on these factors, the Plaintiffs and Class Counsel have concluded that the proposed cash Settlement is in the best interests of all Settlement Class members.

| 5. | HOW DO I KNOW WHETHER I AM PART OF THE SETTLEMENT? |
|---|---|

You are a member of the Settlement Class if you fall within the definition of the Settlement Class approved by Judge Robert N. Chatigny.

> All current and former participants in the Terex Corporation and Affiliates' 401(k) Retirement Savings Plan (the "Plan") for whose individual accounts the plan held shares of Terex stock or units of the Company Stock Fund at any time from December 31, 2007 to February 27, 2009 (the "Settlement Class Period").

If you are a member of the Settlement Class, the amount of money you will receive, if any, depends upon the Plan of Allocation, described below.

<b>THE SETTLEMENT BENEFITS – WHAT YOU GET</b>

| 6. | WHAT DOES THE SETTLEMENT PROVIDE? |
|---|---|

A Settlement Fund consisting of $2.5 million is being established in the Action.  The net amount in the Settlement Fund, including interest, after payment of, or establishment of reserves for, any taxes and Court-approved costs, fees, and expenses, including fees and expenses of Class Counsel, the Notice Administrator, any Court-approved Case Contribution Awards to be paid to the Plaintiffs, and payment of expenses incurred in calculating and administering the allocation among the Settlement Class, will be paid to the Plan and allocated to the Plan accounts of members of the Settlement Class according to a Plan of Allocation to be approved by the Court.  If necessary, an account will be created for those members of the Settlement Class who no longer have Plan accounts.

If the Settlement is approved by the Court, all Settlement Class members and anyone claiming through them shall be deemed to fully release the "Released Persons" from "Released Claims."  The Released Persons are broadly defined, and include, among others, the Defendants and their officers, directors, employees, attorneys, insurers, reinsurers, agents, successors, assigns, heirs, executors and administrators.  The Released Claims are also broadly defined, and include all claims which were or could have been asserted in the Action.  This means that Settlement Class members will be enjoined from and will not have the right to sue the Released Persons for anything related to the investment of Plan assets in Terex common stock or related matters during the Settlement Class Period.

The above description of the proposed Settlement is only a summary.  The complete terms, including the definitions of the Released Persons and Released Claims, are set forth in the Stipulation (including its exhibits), which may be obtained from the Settlement Website, www.[dedicated settlement website].com, or by contacting Class Counsel listed on Page 2 above.

| 7. | HOW MUCH WILL MY PAYMENT BE? |
|---|---|

Your share (if any) of the Settlement Fund, net of the fees and expenses described above, will depend on your alleged loss, compared to other Settlement Class members' alleged losses, related to Plan investments in Terex stock at any time during the period from December 31, 2007 to February 27, 2009.  Each Settlement Class member's share will be calculated according to a Court-approved Plan of Allocation.  You are not responsible for calculating the amount you may be entitled to receive under the Settlement.

QUESTIONS?  CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 5 of 8

In general, your proportionate share of the Settlement will be calculated as follows:

- Each Settlement Class member's "Net Loss" will be calculated. For each Settlement Class member, his or her Net Loss will be equal to: (a) the dollar value, if any, of his or her account balance in Terex stock on the first day of the Settlement Class Period (December 31, 2007); plus (b) the dollar value, if any, of all purchases of interests in Terex stock for his or her account during the Settlement Class Period, as of the time of purchase(s); minus (c) the dollar value, if any, of all dispositions of interests in Terex stock in his or her account during the Settlement Class Period, as of the time of the disposition(s); minus (d) the dollar value of the balance in Terex stock remaining in his or her account on the close of business on February 27, 2009 (the last day of the Settlement Class Period).

- All Net Losses will be aggregated to yield the total loss over the Plan of Allocation Calculation Period and each Settlement Class member's percentage of that total loss will be calculated.

- Applying that percentage to the Settlement proceeds (net of fees and expenses as described above), the Agreed Calculation Administrator will calculate each Settlement Class member's share of those proceeds on a preliminary basis.

- All participants whose preliminary share is greater than zero but less than or equal to twenty-five dollars ($25.00) will be deemed to have a final share equal to zero dollars. The Agreed Calculation Administrator will then recalculate the net loss percentage of those Settlement Class members whose preliminary share was greater than $25.00, to arrive at each such Settlement Class member's final share.

***Do not worry if you do not have records that show your Plan activity***. The Plan has records of all participants' activity which will be used for calculations. If you are entitled to a share of the Settlement Fund, you will receive a statement showing the amount of your share. If you have questions regarding the allocation of the settlement proceeds, please contact Class Counsel listed on Page 2 above.

| 8. | HOW CAN I GET A PAYMENT? |
|---|---|

You do not need to file a claim. If you are a Settlement Class member entitled to receive a share of the Settlement proceeds and you are a current Plan participant, your share will be deposited in your Plan account. If you are a Settlement Class member entitled to receive a share of the Settlement proceeds but are no longer a Plan participant, an account will be established for you in the Plan, and you will be notified of the account and how to withdraw the proceeds. If you are a former Plan participant and have not provided the Plan with your current address, please contact Class Counsel listed on Page 2 above.

| 9. | WHEN WOULD I GET MY PAYMENT? |
|---|---|

The Settlement cannot be completed unless and until several events occur. These events include final approval of the Settlement by the Court, transfer of the Settlement payment to the Plan, and calculation of the amount of the Settlement proceeds owed to each Settlement Class member. If objections are made to the Settlement or appeals are taken by objectors from approval of the Settlement, this process may take a long time to complete, possibly several years. The Settlement funds, however, will be invested in a secure, interest-bearing account, and the interest income will be included in any amount paid to the Plan and allocated to Settlement Class members.

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Stipulation may be terminated for several reasons, including if: (1) the Court does not approve, or materially modifies, the Stipulation in a way that the Plaintiffs and the Defendants do not accept; or (2) the Court approves the Stipulation but the approval is reversed or materially modified by an appellate court. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

Calculations will be made as soon as practicable after the settlement is completed, and a distribution will be made as soon as practicable after the calculations have been verified. Only Settlement Class members entitled to a distribution will receive correspondence when the distribution is made, because the costs of distribution are borne by the Settlement Fund, and sending notices to those who are not entitled to a distribution would deplete the Settlement Fund. Updates, when available, will be posted to the Settlement Website.

| 10. | MUST I PARTICIPATE IN THE SETTLEMENT? |
|---|---|

***You do not have the right to exclude yourself from the Settlement***. The Stipulation provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2) and the Court has preliminarily determined that the requirements of that Rule have been satisfied. Thus, it is not possible for any Settlement Class member to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement. See Answer to Question No. 13 below.

QUESTIONS? CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 6 of 8

**THE LAWYERS REPRESENTING YOU**

| **11.    DO I HAVE A LAWYER IN THE CASE?** |
| --- |

The Court has appointed the law firm of Stull, Stull & Brody as Class Counsel for Plaintiffs and the Settlement Class in this Action.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **12.    HOW WILL THE LAWYERS BE PAID?** |
| --- |

Class Counsel will file a motion for an award of attorneys' fees of not more than one third (33.333%) of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action.  This motion will be considered at the Settlement Fairness Hearing described below.

| **13.    HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT OR THE MOTIONS FOR ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' CASE CONTRIBUTION AWARDS?** |
| --- |

Any motions for final approval of the Settlement and for Attorneys' Fees and Expenses and Case Contribution Awards will be filed with the Court, and will be posted to the Settlement Website, at least two weeks before the objection deadline.

If you are a Settlement Class member, you can object to the Settlement and/or the Motions for Fees and Expenses and Plaintiffs' Case Contribution Awards.  To object, you must file a letter or other writing with the Court stating that you object to the Settlement, Motion for Fees and Expenses, and/or Motion for Plaintiffs' Case Contribution Awards in *In re Terex Corp. ERISA Litigation*, 3:10-cv-00006-RNC.  Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons you object to the Settlement.  The objection must refer prominently to *In re Terex Corp. ERISA Litigation*, 3:10-cv-00006-RNC.

Objections must be sent to the Court.  The address for the Court is:  Clerk of the Court, United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut 06103.  *Your written objection must be sent to the Court and postmarked, or if not sent by United States Postal Service received by the Court, by no later than October 9, 2015.*

Any objection must also be postmarked, or received if not sent by United States Postal Service, to counsel on the same day it is sent to the Court.  Objections may alternatively be emailed to counsel, but emailing objections to counsel does not relieve you from the obligation to file the objection with the Clerk of the Court by mail as described immediately above.

| **To Class Counsel:** | **To Counsel for Defendants:** |
| --- | --- |
| **STULL, STULL & BRODY** | **ARENT FOX LLP** |
| Attn: Michael Klein, Esq. | Attn: Caroline Turner English, Esq. |
| 6 East 45th Street | 1717 K Street, NW |
| New York, NY 10017 | Washington, DC  20006 |
| mklein@ssbny.com | caroline.english@arentfox.com |

*Your objection must be sent to the Court and contemporaneously sent to the counsel listed above.  If the objection is sent by the United States Postal Service, it must be postmarked by October 9, 2015.  If the objection is sent by other means and not by the United States Postal Service, it must be received by the Court no later than October 9, 2015*.

**THE FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable and adequate (the "Settlement Fairness Hearing").  You may attend the Settlement Fairness Hearing, and you may ask to speak, but you do not have to attend.

| **14.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |
| --- |

The Court will hold the Settlement Fairness Hearing at 2:00 p.m. on November 4, 2015, at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut 06103, in the Courtroom then occupied by United States District Judge Robert N. Chatigny.  The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, so, if you wish to attend, you should confirm the date and time of the Settlement Fairness Hearing with Class Counsel before doing so.  At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also rule on the Motions for Attorneys' Fees and Expenses and for Case Contribution Awards to the Plaintiffs.  It is not known how long these decisions will take or whether appeals will be taken.

| **15.    DO I HAVE TO COME TO THE HEARING?** |
| --- |

No.  You may come at your own expense or retain an attorney at your own expense to attend, but your attendance is not necessary.  The Court will consider any written objections even if you do not attend the hearing.

QUESTIONS?  CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 7 of 8

**16.   MAY I SPEAK AT THE HEARING?**

If you are a Settlement Class member, you or your attorney may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must have served an objection and you *must* send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re Terex Corp. ERISA Litigation*, 3:10-cv-00006-RNC."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be filed and served on the attorneys listed in the Answer to Question No. 13 above, must be postmarked, or if not sent by United States Postal Service received by the Court, by October 9, 2015, and must be filed with the Clerk of the Court at the address listed in the Answer to Question No. 13.

## IF YOU DO NOTHING

**17.   WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing and you are a Settlement Class member, you will participate in the Settlement of the Action as described above in this Notice.  Whether you receive any portion of the Settlement Fund will be determined in accordance with the Settlement and the Plan of Allocation.

## GETTING MORE INFORMATION

**18.   ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?**

Yes.  This Notice summarizes the proposed Settlement.  The complete terms are set forth in the Stipulation.  You may obtain a copy of the Stipulation by making a written request to Class Counsel listed on Page 2 above.  Copies may also be obtained at a dedicated Settlement Internet site, www.[dedicated settlement website].com, by calling the toll-free number 800-XXX-XXXX or by sending an email to terex@ssbny.com.  You are encouraged to read the complete Stipulation.


DATED: _____, 2015                    UNITED STATES DISTRICT COURT
                                           FOR THE DISTRICT OF CONNECTICUT

QUESTIONS?  CALL 800-XXX-XXXX TOLL FREE, OR VISIT www.[dedicated settlement website].com.
Do not call the Court or Terex with your questions.
Page 8 of 8

**Exhibit A.2**
(Summary Notice)

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: TEREX CORP. ERISA LITIGATION | MASTER FILE NO. 3:10-cv-00006-RNC |
| | Class Action |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

### SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING

**TO:  ALL CURRENT AND FORMER PARTICIPANTS IN THE TEREX CORPORATION AND AFFILIATES' 401(K) RETIREMENT SAVINGS PLAN (THE "PLAN") FOR WHOSE INDIVIDUAL ACCOUNTS THE PLAN HELD SHARES OF TEREX STOCK OR UNITS OF THE COMPANY STOCK FUND AT ANY TIME FROM DECEMBER 31, 2007 TO FEBRUARY 27, 2009 (THE "SETTLEMENT CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY.**
**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION.**
**YOU ARE NOT BEING SUED**.

A settlement has been preliminarily approved by a federal court in a consolidated class action lawsuit against Terex Corporation ("Terex" or the "Company"), and certain of its former officers and directors, alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA").  This Settlement will provide for a payment of $2.5 million, less any Court-approved fees and expenses, and administrative costs, to the Plan, which money will then be allocated to the accounts of participants of the Plan who had portions of their Plan accounts invested in Terex common stock or units in the Company Stock Fund during the Settlement Class Period.  All capitalized terms not otherwise defined in this Summary Notice of Class Action Settlement have the meaning provided in the Stipulation of Settlement (the "Stipulation") available on the Settlement website below.  If you qualify, you will receive an allocation without taking any further action.  You do not need to send in a claim or take any other action to participate in the Settlement.  The United States District Court for the District of Connecticut authorized this Notice.

## WHO IS INCLUDED IN THE SETTLEMENT?

If you were a participant in the Plan at any time during the period from December 31, 2007 until February 27, 2009, inclusive, or you were a beneficiary of any such participant, and your account

included investments in Terex common stock or units of the Company Stock Fund created to invest primarily in Terex stock, then you are a member of the Settlement Class (a "Settlement Class Member").

**WHAT IS THIS CASE ABOUT?**

Plaintiffs claim that Defendants breached their fiduciary duties under ERISA by continuing to allow the investment of the Plan's assets in Terex common stock or Company Stock Fund units during a time when Defendants knew or should have known that such investment was imprudent and by other related acts during the Settlement Class Period.  Plaintiffs' allegations are described in more detail in the complaint available on the Settlement website below.  All Defendants deny any wrongdoing.  Both sides agreed to the Settlement to avoid the cost and risk of further litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Defendants have agreed to create a Settlement Fund of $2.5 million to be divided among eligible Settlement Class Members after payment of attorneys' fees to Class Counsel, Case Contribution Awards to the Plaintiffs, and payment of other costs and expenses of the Settlement, including notice and claims administration, as the Court may allow.   The Stipulation, other related documentation, and a list of Frequently Asked Questions, available at the Settlement website identified below, describes the details of the proposed Settlement.  Your share (if any) of the Settlement Fund will depend upon the amount and value of shares of Terex common stock held in your Plan account(s) during the Plan of Allocation Calculation Period. While there is nothing you have to do to receive your entitlement, if any, pursuant to the Settlement, the amount to which you are entitled, if anything, cannot be determined until after the Court has approved the Settlement.   This Settlement releases certain claims against Defendants relating to the investment of the Plan's assets in Terex common stock or common stock fund units during the Settlement Class Period.

**HOW DO I RECEIVE A PAYMENT?**

If you are a Settlement Class member and are entitled to a share of the Settlement Fund according to the Stipulation, you are not required to do anything to receive a payment.  The payment will be made directly to your Plan account(s).  If you are no longer a participant in the Plan, a Plan account will be established for you and you will be notified of this account along with further instructions.  If your address has changed since you closed your Plan account(s), please contact Class Counsel toll-free at 800-XXX-XXXX to advise of the change of address.

**CAN I OBJECT TO OR OPT OUT OF THE SETTLEMENT?**

**You do not have the right to exclude yourself from the Settlement in this case, but you do have the right to object by writing to the Court.**  You will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released all of the Defendants from all claims that were or could have been asserted in this case, other than your right to obtain the relief provided to you, if any, by the Settlement.

The Court will hold a hearing in this case at 2:00 p.m. on November 4, 2015, in the Courtroom of

Judge Robert N. Chatigny, United States District Court for the District of Connecticut, 450 Main Street, Hartford, CT 06103, to consider whether to approve the Settlement and a request by the lawyers representing all Settlement Class Members, Class Counsel, for attorneys' fees, for Case Contribution Awards to the Plaintiffs, and for other case-related expenses.  If approved, these amounts will be paid from the Settlement Fund.  You may ask to speak at the hearing by filing a Notice of Intention to Appear by October 9, 2015, but you are not required to do so.

Although you cannot opt out of the Settlement, you may object to all or any part of the Settlement in accordance with the instructions included in the long-form Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing available at the Settlement website below.  Objections must be postmarked, or if not sent by United States Postal Service received by the Court, by October 9, 2015.  Please note that the time, place and date of the hearing may change without a further mailing.  Class Counsel will update the Settlement website below if the hearing time or location is changed.  Please check the website or contact Class Counsel if you wish to confirm that the hearing time has not been changed.

**HOW DO I GET MORE INFORMATION?**

If you are a Settlement Class member and would like to receive additional information or to receive a copy of the long-form Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, call toll-free 800-XXX-XXXX or visit www.[dedicated settlement website].com.

**Exhibit A.3**
(CAFA Notice)

# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

August 3, 2015

**Caroline Turner English**
Partner
202.857.6178 DIRECT
202.857.6395 FAX
caroline.english@arentfox.com

**BY UNITED STATES MAIL**

To:    Federal and State Officials per 28 U.S.C. § 1715
       (See Distribution List Attached)

Re:    CAFA Notification for the Proposed Settlement in *In re Terex Corp. ERISA Litigation*,
      Master File No. 3:10-cv-00006-RNC (D. Conn., filed Jan. 5, 2010)

This notification is being sent to you pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), to inform you of a proposed class action settlement.

**Court:** United States District Court for the District of Connecticut.

**Case Caption:** *In re Terex Corp. ERISA Litigation*, Master File No. 3:10-cv-00006-RNC (D. Conn., filed Jan. 5, 2010)

**Named Defendants:** Terex Corporation, the Administrative Committee of the Terex Corporation and Affiliates' 401(k) Retirement Savings Plan, Philip C. Widman, Charles Snavely, Kevin A Barr, Eric I. Cohen, Tricia E. Pole, Robert K. Brown, Terex's Board of Directors, Ronald DeFeo, G. Chris Andersen, Paula Cholmondeley, Donald DeFosset, William H. Fike, Thomas J. Hansen, Donald P. Jacobs, David A. Sachs, Oren G. Shaffer, David C. Wang, and Helge H. Wehmeier.

**Documents Enclosed:**

(The documents on the enclosed CD are in ".PDF" format.  If you do not have a .PDF reader, one may be obtained free of charge at http://get.adobe.com/reader/otherversions/.)

- Complaint filed on January 5, 2010;
- Complaint filed on February 3, 2010;
- Complaint filed on February 8, 2010;
- Complaint  filed on February 24, 2010;
- Consolidated Complaint filed on September 20, 2010;
- Consolidated Amended Complaint filed on August 7, 2014;
- Plaintiffs' Motion And Memorandum In Support For An Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying A Class for Settlement

555 West Fifth Street, 48th Floor    1675 Broadway    55 Second Street, 21st Floor    1717 K Street, NW
Los Angeles, CA 90013-1065    New York, NY 10019-5820    San Francisco, CA 94105-3470    Washington, DC 20006-5344
**T** 213.629.7400  **F** 213.629.7401    **T** 212.484.3900  **F** 212.484.3990    **T** 415.757.5500  **F** 415.757.5501    **T** 202.857.6000  **F** 202.857.6395

**Arent Fox**

Purposes, Approving Form And Manner Of Class Notice, And Setting Date For Hearing On Final Approval Of Settlement, filed on July 23, 2015; and

- Stipulation of Settlement, including the following attachments:
    - [Proposed] Order Granting Preliminary Approval Of Class Action Settlement, Preliminarily Certifying A Class For Settlement Purposes, Approving Form And Manner Of Class Notice, And Setting Date For Hearing On Final Approval Of Settlement;
    - [Proposed] Notice Of Proposed Settlement of Class Action and Settlement Fairness Hearing;
    - [Proposed] Summary Notice Of Proposed Settlement of Class Action and Settlement Fairness Hearing;
    - [Proposed] Plan Of Allocation;
    - [Proposed] Order And Final Judgment.

**Upcoming Judicial Hearings:**  No hearings are scheduled at this time.

No final judgment or notice of dismissal has been entered.  No written judicial opinions relate to the materials listed above regarding the proposed notices to the class, the Stipulation of Settlement, or any proposed final judgment.  At this time, it is not feasible to identify with complete certainty the names of all class members (including all beneficiaries and participants of the plan at issue).  Likewise, until the Agreed Calculation Administrator calculates each class member's allocation of the net settlement proceeds, the proportionate share of the settlement due to any particular class member cannot be determined.

Based on the information currently available regarding participants in the plan at issue, we believe that (in the aggregate) roughly 8320 individuals are members of the Settlement Class. We currently believe that the members of the Settlement Class reside in the following states (with a preliminary estimate of the number of Settlement Class members who reside in the indicated state):  WA (2703); SD (962); TX (613); IA (609); OK (603); SC (287); MI (263); NC (255); CT (233); TN (181); MN (177); IN (176); MS (114); WV (94); CA (92); OR (80); FL (68); KY (65); VA (63); AL (52); IL (52); AZ (50); WI (50); WY (46); OH (41); PA (41); CO (36); GA (35); ND (32); NY (32); MO (26); UT (23); AR (21); KS (21); NV (17); ID (16); NM (14); NJ (10); MT (9); NE (9); LA (8); MD (7); MA (6); NH (6); VT (2); AK (1); HI (1); ME (1); RI (1).

Class Counsel and Defendants' Counsel have made no other agreements contemporaneous to the Stipulation of Settlement.

**Arent Fox**

August 3, 2015
Page 3

If you have questions about this notice, the litigation, or the enclosed materials, please contact Defendants' Counsel:

Caroline Turner English, Esq.
ARENT FOX LLP
1717 K Street, N.W.
Washington, DC 20006-5344
Phone: (202) 857-6178
Fax: (202) 857-6395
Email: caroline.english@arentfox.com

Very truly yours,

Caroline Turner English

cc:     Edwin J. Mills, Esq.
        Michael J. Klein, Esq.
        Eric I. Cohen, Esq.
        Carol Connor Cohen, Esq.

# Arent Fox

## DISTRIBUTION LIST

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Office of the Attorney General
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130-0152

Office of the Attorney General
P.O. Box 110300
Juneau, AK 99811-0300

Office of the Attorney General
1275 W. Washington St.
Phoenix, AZ 85007-2926

Attorney General's Office
323 Center St., Suite 200
Little Rock, AR 72201-2610

CAFA Coordinator
Office of the California Attorney General
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

Office of the Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

Mississippi Attorney General's Office
Walter Sillers Building
550 High Street, Suite 1200
Jackson, MS 39201

Missouri Attorney General's Office
Supreme Court Building
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102

OFFICE OF THE ATTORNEY GENERAL
215 N Sanders, Third Floor
PO Box 201401
Helena, MT 59620-1401

Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509

Office of the Attorney General
100 North Carson Street
Carson City, NV 89701

Office of the Attorney General
33 Capitol St.
Concord, NH 03301

Office of The Attorney General
RJ Hughes Justice Complex
25 Market Street, Box 080
Trenton, NJ 08625-0080

**Arent Fox**

August 3, 2015
Page 5

| | |
|---|---|
| Office of the Attorney General<br>55 Elm St.<br>Hartford, CT 06106 | Office of New Mexico Attorney General<br>P.O. Drawer 1508<br>Santa Fe, NM 87504-1508 |
| Office of the Attorney General<br>The Capitol PL-01<br>Tallahassee, FL 32399-1050 | Office of the Attorney General<br>Dept. of Law - The Capitol, 2nd fl.<br>Albany, NY 12224 |
| Office of the Attorney General<br>40 Capitol Square, SW<br>Atlanta, GA 30334-1300 | Attorney General's Office<br>9001 Mail Service Center<br>Raleigh, NC 27699-9001 |
| Department of the Attorney General<br>425 Queen St.<br>Honolulu, HI 96813 | North Dakota Attorney General<br>State Capitol<br>600 E. Boulevard Ave.<br>Bismarck, ND 58505-0040 |
| State of Idaho<br>Office of the Attorney General<br>700 W. Jefferson Street<br>P.O. Box 83720<br>Boise, Idaho 83720-0010 | Ohio Attorney General<br>30 E. Broad St., 14th Floor<br>Columbus, OH 43215 |
| Illinois Attorney General<br>James R. Thompson Ctr.<br>100 W. Randolph St.<br>Chicago, IL 60601 | Oklahoma Office of the Attorney General<br>313 NE 21st Street<br>Oklahoma City, OK 73105 |
| Indiana Attorney General's Office<br>Indiana Government Center South - 5th Floor<br>302 West Washington Street<br>Indianapolis, IN 46204 | Oregon Attorney General<br>Oregon Department of Justice<br>1162 Court St., NE<br>Salem, OR 97301-4096 |
| Iowa Attorney General<br>Hoover State Office Bldg.<br>1305 E. Walnut<br>Des Moines, IA 50319 | Pennsylvania Office of Attorney General<br>16th Floor, Strawberry Square<br>Harrisburg, PA 17120 |

**Arent Fox**

August 3, 2015
Page 6

Kansas Attorney General
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612-1597

Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601-3449

Office of the Attorney General
P.O. Box 94095
Baton Rouge, LA 70804-4095

Office of the Attorney General
6 State House Station
Augusta, ME 04333

Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202-2202

Office of Massachusetts Attorney General
Maura Healey
ATTN: CAFA Coordinator/General Counsel's
Office
One Ashburton Place
Boston, MA 02108

Michigan Department of Attorney General
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909-0212

Office of Minnesota Attorney General
1400 Bremer Tower
445 Minnesota Street
St. Paul, MN 55101-2131

Office of the Attorney General
150 S. Main St.
Providence, RI 02903

South Carolina Attorney General
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211-1549

Office of the Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501

Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Office of the Attorney General
Capitol Station
P.O. Box 12548
Austin, TX 78711-2548

Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320

Attorney General's Office
109 State St.
Montpelier, VT 05609-1001

Office of the Attorney General
900 East Main Street
Richmond, VA 23219

**Arent Fox**

August 3, 2015
Page 7

Washington State Office
of the Attorney General
1125 Washington St. SE
PO Box 40100
Olympia, WA 98504-0100

Office of the Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305

Office of the Attorney General
Wisconsin Department of Justice
State Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707-7857

Attorney General's Office
123 Capitol Bldg.
200 W. 24th Street
Cheyenne, WY 82002