UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2015 NOV -4 P 2: 28
US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| IN RE: TEREX CORP. ERISA LITIGATION | MASTER FILE NO. 3:10-cv-00006-RNC |
| | Class Action |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

### ORDER AND FINAL JUDGMENT

This Action came on for hearing on November 4, 2015 to determine the fairness of the proposed settlement (the "Settlement") presented to the Court on July 23, 2015 and the subject of this Court's August 14, 2015 Order Granting Preliminary Approval of Class Action Settlement (Docket No. 93). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and undefined terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the Stipulation of Settlement ("Stipulation") between Plaintiffs and Defendants.

1.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

2.  For the sole purpose of settling and resolving the Action, the Court certified this action as a Class Action under Fed. R. Civ. P. 23(a) and 23(b)(1). The Settlement Class is defined as:

> All current and former Participants in the Plan for whose individual accounts the Plan held shares of Terex stock or units of

the Company Stock Fund at any time from December 31, 2007 to February 27, 2009.

3. Plaintiffs, Kenneth M. Lipman, Eddie Webb, Binyam Ghebreghiorgis, Scott Hollander and Mark Caswell ("Plaintiffs") are appointed as Settlement Class representatives, and Stull, Stull & Brody is appointed as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

4. The Court finds for the sole purpose of settling and resolving the Action that:

(a) The Settlement Class is so numerous that it is impractical to bring all Settlement Class members before the Court individually. Terex's public filings represent that the Plan had over 6,000 Participants as of December 31, 2007 (see Complaint ¶ 51); thus, there are likely thousands of Settlement Class members, and solely for the purposes of the Settlement Defendants do not dispute this estimate.

(b) The class allegations, denied by Defendants, present common questions of law and/or fact, including:

(i) Whether Defendants breached fiduciary obligations to the Plan and participants by causing the Plan to offer Terex stock or the Company Stock Fund (used interchangeably herein) as an investment option for the Plan at a time when the Defendants knew or should have known that the stock was not a prudent investment for the Plan;

(ii) Whether Defendants breached fiduciary obligations to the Plan and its participants by causing the Plan to make and maintain investments in Terex stock, at such time when it was imprudent to do so;

(iii) Whether Defendants breached fiduciary obligations to the Plan and its participants by providing incomplete and inaccurate information to participants regarding the propriety of investing in Terex stock;

    (iv)  Whether certain Defendants breached fiduciary obligations to the Plan and its participants by failing to prudently monitor other appointed Defendants, such that the Plan and its participants' interests were not adequately protected and served; and

    (v)  Whether as a result of the alleged fiduciary breaches engaged in by Defendants, the Plan and its participants and beneficiaries suffered losses.

  (c)  Fed. R. Civ. P. 23(a)(3) requires that the claims of proposed representative plaintiffs be typical of the claims of a proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed class members, and where the claims are based on the same legal theory. In the present case, Plaintiffs allege that they were Plan participants or beneficiaries during the Class Period with Plan accounts that included investments in Terex stock, that the Plan's fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, for purposes of the Settlement only, and subject to the foregoing, the claims asserted by Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

  (d)  The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The Court is satisfied that Class Counsel are qualified, experienced, and prepared to represent the Settlement Class to the best of their abilities. For the purposes of this Settlement, the Court finds that Plaintiffs have no conflicting interests with absent members of the Settlement Class.

(e) The Settlement Class satisfies the requirements of FED. R. CIV. P. 23(a), and also the requirements of Fed. R. Civ. P. 23(b)(1). Given the Plan-representative nature of Plaintiffs' breach of fiduciary duty claims, there is a risk that failure to certify the Settlement Class would leave future plaintiffs without relief and, there is also a risk of inconsistent dispositions that might prejudice Defendants. This case is appropriate for class certification, for the purposes of this Settlement, under FED. R. CIV. P. 23 (b)(1).

(f) The Court has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel has done the work necessary to identify or investigate potential claims in the Action, to investigate the allegations made in the Complaint, including reviewing publicly available information, reviewing documents and materials uncovered in their investigation, and consulting with experts. Class Counsel has experience in handling class actions and claims of the type asserted in this Action. They have refined their allegations through a consolidated amended pleading. Class Counsel have also demonstrated knowledge of the applicable law. The Court concludes that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

(g) The Settlement Class has received proper and adequate notice of the Stipulation, the Settlement Fairness Hearing, Class Counsel's Motions for Attorneys' Fees and Expenses and for Plaintiffs' Case Contribution Awards, and the Plan of Allocation, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable

efforts, as well as notice via the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for making objections. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

(h)     Defendants notified the appropriate Federal and State officials of this Settlement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

5.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement as a fair, reasonable, and adequate settlement and compromise of the Action.

6.      The Court hereby approves the Stipulation and orders that the Stipulation shall be consummated and implemented in accordance with its terms and conditions.

7.      The Court finds that the Settlement embodied in the Stipulation is fair, reasonable and adequate, and more particularly finds:

(a)     The Settlement was negotiated vigorously and at arm's-length by counsel for Defendants, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other;

(b)     This Action settled after the Parties had fully briefed their respective positions on Defendants' motions to dismiss. The Settlement was also reached following arm's-length negotiations among counsel, all of whom were thoroughly familiar with this litigation, with the assistance of an experienced mediator. Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement is fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases;

(e)     At all times, Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class; and,

(f)     The Court has duly considered any objections to the Settlement that were filed.

8.     The Plan of Allocation is approved as fair and reasonable. Class Counsel shall direct distribution of the Net Settlement Fund in accordance with the Plan of Allocation and the Stipulation.

9.     The Action is hereby dismissed with prejudice, each party to bear his, her, or its own fees, costs, and expenses, except as expressly provided herein.

10.    The Court has approved the following Releases and injunctive relief as set forth in Section 3 of the Stipulation:

(a)     <u>Plaintiffs', the Settlement Class's and the Plan's Releases</u>. Upon the Effective Date, the Plaintiffs, the Settlement Class, the Plan, and all Releasing Persons (as defined in the Stipulation), by virtue of the Stipulation and by operation of the Order and Final Judgment, shall and have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Persons from all Released Claims.

(i)     The Releasing Persons shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly,

indirectly, derivatively, or in any other capacity, against any of the Released Persons.

(b)  <u>Defendants' Releases</u>.  Upon the Effective Date, Defendants shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Plaintiffs, Class Counsel, the Plan and the Settlement Class from any and all claims for attorneys' fees and costs incurred in defending this action, or any claims related to the prosecution of Plaintiffs' claims and the claims of the Settlement Class.

(c)  <u>Scope of Releases</u>.

(i)  Nothing in the Stipulation shall release, bar, waive, or preclude any claim arising under the securities laws asserted in the Securities Action, *Sheet Metal Workers Local 32 Pension Fund and Ironworkers St. Louis Council Pension Fund v. Terex Corporation, et al.*, No. 3:09-cv-02083 (D. Conn.).

(ii)  The releases set forth in this section are not intended to include and do not include the release of any rights or duties of the parties arising out of the Stipulation, including the express warranties and covenants contained therein, except as expressly provided in the Stipulation.

11.  In the event that the Stipulation is terminated in accordance with its terms, this Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the Parties engaged in mediation before the mediator.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

12.     This Judgment shall not be construed or used as an admission, concession, or declaration of any fact or allegation included in the Complaint, or of any fault, wrongdoing, breach or liability.

13.     Plaintiffs Kenneth M. Lipman, Eddie Webb, Binyam Ghebreghiorgis, Scott Hollander and Mark Caswell are each awarded $ 5,000.00 as a Case Contribution Award, as defined in the Stipulation, in recognition of their contributions to this Action, to be paid from the Settlement Fund in accordance with the Stipulation.

14.     Attorneys' fees are awarded in the amount of $ 833,333.33, to be paid in accordance with the Stipulation. Attorneys' fees in this amount are fair and reasonable in light of the successful results achieved by Plaintiffs' Counsel, the monetary benefits obtained in this Action, the substantial risks associated with this Action, Plaintiffs' Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. The attorneys' fees awarded herein shall be allocated by Class Counsel among Plaintiffs' Counsel in a fashion which, in the opinion of Class Counsel, fairly compensates counsel for their respective contributions to the prosecution and/or settlement of the Action.

15.     Expenses are awarded in the amount of $ 34,600.27, to be paid in accordance with the Stipulation. Expenses incurred in this amount by Plaintiffs' Counsel in the course of prosecuting this action are fair and reasonable.

16.     As required by Fed. R. Civ. P. 23(h)(3), the Court has considered and finds as follows in making this award of attorneys' fees and expenses:

(a)     The Settlement created a Settlement Fund of $2.5 million in cash, plus interest, for distribution to the Plan and to pay approved fees, expenses, Case

Contribution Awards, and administrative costs, and numerous Settlement Class members will benefit from the Settlement pursuant to the Plan of Allocation;

(b)   More than 8,000 copies of the Notice were sent to putative Settlement Class members notifying them that Class Counsel would be applying to the Court for up to 33.333% of the Settlement Fund in attorneys' fees and for reimbursement of their expenses;

(c)   The Notice advised Settlement Class members that more information, including the Stipulation, would be made available on the Settlement Website. Pursuant to the Preliminary Approval Order, Class Counsel's filing in support of final approval of the Settlement, the proposed Plan of Allocation, and the Motions for Attorneys' Fees and Expenses and Case Contribution Awards was posted to the Settlement Website at least two weeks prior to the deadline for Settlement Class members to serve objections thereto;

(d)   __No__ objections were filed opposing the terms of the Settlement, the proposed Plan of Allocation, or Class Counsel's Motions for Attorneys' Fees and Expenses and Case Contribution Awards;

(e)   The Action involved complex factual and legal issues, was actively prosecuted for more than five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f)   Had Class Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the class they sought to represent would recover less or nothing from Defendants; and

(g)   Class Counsel's fee and expense application indicates that Plaintiffs' Counsel devoted over 2,100 hours, with a lodestar value of approximately $1,456,019.95, to achieve the Settlement.

17.   The amount of attorneys' fees and expenses awarded by the Court is fair and reasonable and consistent with such awards in similar cases.

18.   The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Stipulation or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Notice, this Judgment, or the Stipulation or any termination of the Stipulation.

SO ORDERED this ___4___ day of ___November___, 2015.

/s/ Robert N. Chatigny
HON. ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE